UNITED STATES *v.* WM. BRAND & CO. (No. 4363)[1]

---

[1] C. A. D. 211.

United States Court of Customs and Patent Appeals, June 15, 1942

*Paul P. Rao*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Richard E. Fitz Gibbon*, special attorneys, of counsel), for the United States.

No appearance for appellee.

[Oral argument April 8, 1942, by Mr. Lawrence]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKS Associate Judges

JACKSON, Judge, delivered the opinion of the court:

Appellee, a partnership, brought suit against the United States, in the United States Customs Court at New York City, to recover customs duties claimed to have been illegally exacted on certain importations of mica.

Five protests are involved, which were consolidated for trial. All of the merchandise was classified by the collector under subdivision (d) of paragraph 208 of the Tariff Act of 1930 and assessed with duty at the rate of 45 per centum *ad valorem*.

The said court, Second Division, sustained the protests of the importer claiming the involved merchandise to be properly dutiable at 40 per centum *ad valorem* under subdivision (e) of said paragraph as manufactures of mica, and entered judgment accordingly. The Government appealed from the judgment. Appellee made no appearance here by brief or counsel.

The competing subdivisions of the paragraph read as follows:

PAR. 208. * * * (d) Mica films and splittings cut or stamped to dimensions, 45 per centum ad valorem.

(e) Mica plates and built-up mica, and all manufactures of mica, or of which mica is the component material of chief value, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for in any other paragraph of this Act, 40 per centum ad valorem.

At the trial, upon motion of the importer, the record in the case of *Wm. Brand & Co. v. United States*, 2 Cust. Ct. 471, C. D. 179, was

made part of the record herein. The merchandise involved in that case, with the exception of having different lateral dimensions and "possibly thickness," was substantially identical with that involved here. The issue was the same as that here presented and the trial court sustained the protests of the importer. The judgment was not appealed.

From the record here, it appears the imported merchandise was ordered by size, in length, width, and thickness. The shape of the very thin pieces of mica herein is rectangular and they are in two sizes, one being 1⅛ inches long and ⅞ of an inch wide, and the other, 1¾ inches long and 1½ inches wide. As imported it is sold to manufacturers of condensers used in radio devices. The condensers are built up with alternate layers of tin foil and mica. The imported mica herein is made part of the condenser without change in its imported condition.

It is further shown that it would not be commercially economical to stamp or cut different shapes and sizes from the imported articles and that they were imported and sold for no use except in the manufacturing of condensers as aforesaid.

The court below in its decision relied upon its former decision in the incorporated case and stated that both in that case and the instant case the decisions were controlled by the case of *Konishi Kotakudo Co. (Inc.)* v. *United States*, 17 C. C. P. A. (Customs) 355, T. D. 43798.

An examination of the exhibits of the imported merchandise convinces us they are of such thinness and transparency that they are properly to be held films or splittings of mica. This is not controverted by appellee. These films or splittings are cut to ordered dimensions. Therefore they are accurately described in subdivision (d) of the said paragraph.

The sole theory, upon which appellee based its contention that the merchandise is properly dutiable as a manufacture of mica, is its dedication to a single use.

The *Konishi* case *supra*, relied upon by the trial court, has no application here. In that case paragraph 230 of the Tariff Act of 1922, relating to manufactures of glass, was construed. In the instant case there is no room for construction of subdivision (d) of paragraph 208, which provides for mica films and splittings cut to dimensions. It does not matter to what use such films may be put. The question of use is not material here.

If the provisions of subdivision (d) were not in said paragraph 208, the instant merchandise might be classifiable as a manufacture of mica under subdivision (e). Assuming that the mica films herein are manufactures of mica, nevertheless as the paragraph is written they are not properly classifiable under subdivision (e) because of subdivision (d). Subdivision (d) provides *eo nomine* for the imported mer-

chandise and therefore the classification made by the collector was proper. If the imported merchandise does not come within the purview of subdivision (d), in our opinion no merchandise could be held dutiable thereunder. The intent of the Congress to assess for duty under subdivision (d) of paragraph 208 mica films and splittings, such as the imported merchandise, is too clear to require further discussion.

For the reasons herein set out the judgment of the United States Customs Court is *reversed*.